In the Matter of J. Douglas
LEVY, Debtor.

Joseph BEAMAN, Plaintiff,

v.

J. Douglas LEVY, Defendant.

Bankruptcy No. 3–86–01997.
Adv. No. 3–86–0244.

United States Bankruptcy Court,
S.D. Ohio, W.D.

July 13, 1987.

Lloyd D. Cohen, Dayton, Ohio, for debtor/defendant.

Roy D. Boucher, Dayton, Ohio, for plaintiff, Joseph Beaman.

Thomas R. Noland, Dayton, Ohio, trustee.

J. Douglas Levy, pro se.

**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT ENTRY AND ORDERING FURTHER PROCEEDINGS**

THOMAS F. WALDRON, Bankruptcy Judge.

This is a case arising under 28 U.S.C. § 1334(a) and having been referred to this court, the within action is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I).

On January 5, 1987, the court entered an Order Granting Motion And Application For Judgment By Default (Doc. 4) in favor of the plaintiff-creditor, Joseph Beaman, against the defendant-debtor, J. Douglas Levy. This entry, together with a Motion And Application For Judgment By Default (Doc. 3), was presented to the court by the

plaintiff thirty-nine (39) days after the filing of the complaint and stated in part:

> [P]ursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, and pursuant to Bankruptcy Rule 7055, hereby applies to your Honorable Court for a judgment by default, the Defendant-Debtor, to wit, "... the party against whom judgment by default is sought ..." not having appeared in this action, and said party not having appeared in this action by representative.

The effect of this entry was to except from discharge certain debts of the defendant which were described in the proofs of claim attached to the plaintiff's complaint and to terminate the automatic stay with respect to the plaintiff.

Counsel for the defendant filed a Motion To Set Aside Order Granting Motion And Application For Judgment By Default (Doc. 5), accompanied by an Affidavit, Memorandum In Support Of The Motion, and a Proposed Answer To Complaint Of Joseph Beaman. Thereafter, counsel for the plaintiff submitted Plaintiff's Memorandum Opposing Defendant's "Motion To Set Aside Order Granting Motion And Application For Judgment By Default" (Doc. 7) and Plaintiff's Supplemental Memorandum Opposing Defendant's "Motion To Set Aside Order Granting Motion And Application For Judgment By Default" (Doc. 8).

■ Upon consideration of the above memoranda, the court GRANTS the Defendant's Motion and VACATES the Judgment By Default (Doc. 4) entered by the court on January 5, 1987 and stays any further action by the plaintiff, except in this court. The concept of finality, which is essential to court proceedings, must always be balanced by the opportunity of litigants to fully present their claims or defenses in a particular proceeding.

*In United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983), the Sixth Circuit noted three (3) factors which control a decision to set aside a default entered pursuant to Bankr.R. 7055 (F.R.Civ.P. 55) or Bankr.R. 9024 (F.R. Civ.P. 60):

We agree with the Third Circuit that the three factors which control the decision of a Rule 55(c) motion to set aside entry of default also apply to a Rule 60(b) motion to set aside entry of a judgment by default:

> Our most recent foray into the field was *Farnese v. Bagnasco*, 687 F.2d 761, (3d Cir.1982), where again it was a default entry, not a judgment, that was at issue. Although as we have noted the standards for the two situations are not always the same, we believe that the three factors discussed in *Farnese* should be applied in both situations:
> 1. Whether the plaintiff will be prejudiced;
> 2. Whether the defendant has a meritorious defense; and
> 3. Whether culpable conduct of the defendant led to the default (citations omitted).

When determining prejudice to the plaintiff, "Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment. (citation omitted)" *United Coin* at 845. Nor are the financial costs of the plaintiff associated with the enforcement of a judgment, which is later vacated, considered to be sufficient prejudice. *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656–57 (3rd Cir.1982).

In the plaintiff's memorandum opposing the defendant's Motion To Set Aside The Judgment By Default, the plaintiff alleges that:

> [T]he Plaintiff in this case, Joseph Beaman, relied upon the validity of your Honorable Court's January 5, 1987 final judgment and invoked the jurisdiction of the Common Pleas Court of Montgomery County, Ohio in its Case No. 87–523 and that case is still pending for disposition upon the "First Claim For Relief" and a final judgment has been issued by said Common Pleas Court of Montgomery County, Ohio upon the "Second Claim For Relief". To undo all of that proceeding at this point would be, we respectful-

ly submit, most unfair to the Plaintiff. (Doc. 7 at 2–3)

The concept of prejudice in the context of a Bankr.R. 7055 or Bankr.R. 9024 motion does not merely mean that the party opposing the motion has suffered a loss of time or money in reliance upon the default judgment obtained; but rather, prejudice in such a context means that the party opposing the motion will no longer be able to present, or will be unduly burdened in attempting to present, the claim(s) advanced in the original pleading as a result of the action, or more commonly the inaction, of the party against whom the default judgment was obtained. If the only prejudice to the party opposing the motions is a loss of time or money, or an increase in expenses, such matters can be addressed as a component of the order setting aside the default judgment. *Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 195 (6th Cir.1986). Plaintiff has not claimed that he will be unable to present, or will be unduly burdened in attempting to present, his claim(s); but rather, characterizes a determination to set aside the default as "most unfair to the plaintiff." This court, therefore, finds that the plaintiff will not be prejudiced, as that term has been interpreted in Sixth Circuit holdings, by setting aside the entry of default.

The second factor controlling a determination of a motion pursuant to Bankr.R. 7055 or Bankr.R. 9024 is whether a party against whom a default judgment has been rendered has a meritorious defense. "Likelihood of success is not the measure." *Keegal v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C.Cir.1980). "Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced. *Rooks v. American Brass Co., Supra*, 263 F.2d [166] at 169 [ (6th Cir. 1959) ]." *United Coin* at 845.

Plaintiff's complaint alleges that "[T]he debts described in the Proofs Of Claim, attached hereto are non-dischargeable ...". In support of this claim, plaintiff's complaint states "[D]ebts were incurred by the Debtor to the Creditor for money, property, services, or an extension, renewal, or refinancing of credit, obtained by false pretenses, a false representation, or actual fraud, and such debts were incurred by the Debtor to the Creditor for fraud while acting in a fiduciary capacity." and "[T]hat the debtor in this action has admitted the non-dischargeability of the subject debts, by executing an 'AGREEMENT TO TERMINATE PARTNERSHIP AND PRESERVE RIGHTS' ..." (Doc. 1 at 1).

The defendant's proposed answer states that the allegations in paragraph two of plaintiff's complaint are vague and that defendant is entitled to have notice not only as to the specific false pretenses or representations claimed, but also as to the specific statutory exception claimed, and, therefore, such allegations fail to state a claim for which relief can be granted. Additionally, the defendant's proposed answer states that while the Defendant signed a document entitled "Agreement To Terminate Partnership And Preserve Rights", it was signed under duress and, further, it is a contractual waiver of defendant's right to bankruptcy and as such is void pursuant to Federal Bankruptcy Law.

Upon consideration of the arguments presented concerning this factor, the court finds that the defendant has advanced a meritorious defense to the allegations contained in the plaintiff's complaint.

The third and final factor to be considered is whether culpable conduct of the defendant led to the entry of default. The Sixth Circuit has stated: "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Service* at 194.

In his Affidavit, defendant's counsel states that illness, mistake, and inadvertent error or oversight as to the filing of an answer led to his lack of responsive pleading or answer. While approximately ninety (99) days elapsed between the entry of the default and the filing of the motion to set aside the default, the delay does not appear to have been an attempt to thwart the

proceeding, nor does it appear to have been a part of a pattern of disregard for court orders or rules. As plaintiff's supplemental memorandum points out, defendant's counsel in the same Estate Case No. 3–86–01997, timely responded to a separate adversary proceeding (No. 3–86–0246) which had been filed the same day as the within complaint. Such an inconsistency in filing a required response to one adversary and not another, when both adversaries were filed the same day, while clear evidence of carelessness, is consistent with defendant's counsel's explanation that he took no action because he believed he had filed the required pleadings in all pending adversaries. As *Shepard Claims Service* at 194 instructs, "However, when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead."

Upon consideration of the affidavit and explanation of the defendant, and the announced policy in this circuit in favor of deciding cases on their merits, *Shepards Claims Service* at 193, the court finds that the defendant's counsel's actions do not display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.

In reaching this decision, the court recognizes not only the right of the defendant to fully present his claim or defenses pursuant to applicable Bankruptcy Rules, but also the right of the plaintiff to have counsel for the defendant comply with applicable Bankruptcy Rules in this proceeding. This court's concern that matters be determined on their merits is balanced by this court's duty to manage its docket for the benefit of all parties who require judicial resolution of their disputes. If counsel for the debtor had timely filed an answer, counsel for the plaintiff would not have had to prepare an order that has now been vacated, incur expenses in reliance on that order, review and respond to the Motion To Set Aside Order and take further action.

Accordingly, unless otherwise agreed to by the parties and reflected by a document filed with this court, counsel for the plaintiff shall, within fourteen (14) days from the date of this order, file with the court a motion requesting an award of the expenses related to the preparation of the Default Entry and subsequent matters involving the defendant's Motion To Vacate Default. Counsel for the defendant shall have seven (7) days after the filing of the plaintiff's Motion For Expenses to file any response to the plaintiff's Motion For Expenses. The plaintiff shall have seven (7) days thereafter to file any reply to any response or memoranda filed by the defendant.

Further, the Answer To Complaint of Joseph Beaman, attached to the defendant's motion (Doc. 5) shall be deemed filed as of the date this order is entered. The plaintiff shall be granted fourteen (14) days from the date this order is entered in which to file any reply, amended complaint or other response to the defendant's answer. *See Matter of Schwartzman*, 63 B.R. 348, 355 (Bankr.S.D.Ohio 1986).

SO ORDERED.