In re Darlene M. MEYER, Debtor.

William B. LOGAN, Jr., Trustee of the Bankruptcy Estate of Darlene M. Meyer, Plaintiff,

v.

William HILLIER, Defendant.

Bankruptcy No. 2–85–03837.
Adv. No. 2–86–0194.

United States Bankruptcy Court,
S.D. Ohio, E.D.

Feb. 10, 1988.

Joseph J. Barone, Westerville, Ohio, for defendant.

William B. Logan, Jr., Columbus, Ohio, pro se.

## OPINION AND ORDER ON DEFENDANT WILLIAM HILLIER'S MOTION FOR RELIEF FROM JUDGMENT

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court on the motion of defendant, William Hillier, for relief from judgment and the plaintiff's memorandum contra to that motion. The Court has jurisdiction to determine this motion pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District.

On September 2, 1986, the trustee (plaintiff herein) instituted this adversary proceeding against the defendant seeking money that the debtor had allegedly loaned defendant and which the defendant had failed to repay. Although properly served, defendant failed to answer or otherwise respond to the plaintiff's complaint, whereupon the plaintiff moved for judgment by default on October 10, 1986. Upon due consideration of the plaintiff's motion, the Court ordered judgment for plaintiff in the amount of Six Thousand Dollars ($6,000.00) and costs, the final judgment being entered on October 23, 1986.

On November 3, 1987, the defendant moved the Court for an order vacating the final judgment entered against him, and also for an order permitting leave to file an answer to the plaintiff's complaint. While admitting receipt of the summons and complaint, the defendant has alleged that his failure to file an answer was due to a mistaken belief that the matter had been resolved following his conversation with the plaintiff. On November 17, 1987, the plaintiff filed with the Court a memorandum contra defendant's motion for relief from judgment in which the plaintiff advised the Court that he had never spoken with defendant after the filing of the complaint.

At the outset, it should be noted that this proceeding is governed by federal proce-

dural law which has developed criteria different than the standards for relief promulgated by the Ohio state courts. Relief from judgment in a bankruptcy proceeding is governed by Bankruptcy Rule 9024 and Rule 60 of the Federal Rules of Civil Procedure which for purposes of the issue at hand state as follows:

**Rule 9024. Relief from Judgment or Order.**

Rule 60 FR Civ P applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), ...

**Rule 60. Relief from Judgment or Order.**

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment ...

In deciding the issue of relief from judgment, this Court must follow the three part analysis developed by the Sixth Circuit in the cases of *United Coin Meter v. Seaboard Coastline R.R.* 705 F.2d 839 (6th Cir.1983); *Shepard Claims Service v. William Darrah & Assoc.,* 796 F.2d 190 (6th Cir.1986), and *INVST Fin. Group v. Chem–Nuclear Sys.* 815 F.2d 391 (6th Cir.

1987). Further, this Court finds guidance from the Bankruptcy Court for the Southern District of Ohio, Western Division in *Matter of Levy,* 75 B.R. 894 (Bankr.S.D. Ohio 1987).

While both Ohio and federal courts recognize that trial on the merits is favored, the federal courts, in slight contrast to the Ohio courts do not require a showing of a glaring abuse of discretion to effect a reversal of a trial court's decision not to relieve a party of the harsh sanction of default. Since the interests of justice are best served by trial on the merits, the Court should carefully study all of the relevant considerations presented by the parties before refusing to open default judgments. *United Coin* at 846.

■ In *United Coin,* the Sixth Circuit noted three (3) factors which control a decision to set aside a default judgment entered pursuant to Bankr.Rule 9024 (Fed.R. Civ.P. 60) or Bankr.Rule 7055 (Fed.R.Civ.P. 55):

1. Whether the plaintiff will be prejudiced;
2. Whether the defendant has a meritorious defense; and,
3. Whether culpable conduct of the defendant led to the default. 705 F.2d at 845.

Looking at the first step in the analysis, the concept of "prejudice" in the context of Bankruptcy Rule 9024 means that the party opposing the motion will be unduly burdened in attempting to present the claims advanced in the original proceeding as a result of the inaction of the party against whom default judgment was obtained. If the only prejudice to the party opposing the motion is a loss of time or money, or an increase in expenses, appropriate sanctions can be imposed against the defendant for the delay caused by his action or inaction. *Matter of Levy* at 896; *Shepard Claims* at 195.

■ In the instant case, plaintiff has failed to establish that discovery would be more difficult or that evidence would be lost to such a degree as to create an undue burden on his ability to present his case.

*INVST Fin. Group* at 399. Accordingly, this Court holds that plaintiff has not shown "prejudice" within the meaning of the *United Coin* inquiry.

■ Next, we must look at the second factor and consider whether defendant has set forth a "meritorious defense." In the context of the *United Coin* inquiry, likelihood of success is not the measure, rather if any defense relied upon states a defense good at law, then a meritorious defense has been advanced. Such a defense may be sufficient if it contains even a hint of suggestion which, if proven at trial, would constitute a complete defense. The key consideration is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. *INVST Fin. Group* at 399 *citing; Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C.Cir.1980).

■ Defendant submits two defenses which must be tested for adequacy under *United Coin, supra.* First, defendant contends that there was only one Three–Thousand Dollar ($3,000.00) transaction, not two. Second, defendant alleges that the transaction was not a loan, but a gift and that there is no loan document nor was there any oral agreement to repay the amount in question. Either of defendant's contentions, if proven at trial, could constitute a defense to this action. Defendant therefore sets forth adequate defenses for purposes of satisfying the second criteria of the *United Coin* inquiry.

Lastly, this Court must examine whether the "culpability" of the defendant led to the default. In *Shepard Claims,* the Sixth Circuit held that when the party in default had satisfied the first two requirements of the *United Coin* test and moved promptly to set aside the default, the Court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings. 796 F.2d 190 at 195. The Court expanded on the concept of culpable conduct under *United Coin* as displaying either an intent to thwart judicial proceedings or a reckless disregard for the effect of those proceedings 796 F.2d 190 at 194.

■ In determining whether a party's actions were the result of culpable conduct, the Courts of the Sixth Circuit have repeatedly held that a delay caused by mistake or misunderstanding, and not willful conduct could not be deemed culpable, even if the conduct of the party was careless and inexcusable. *Shepard Claims* at 194; *INVST Fin. Group* at 399; *Matter of Levy* at 896. *See also, Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156 at 1160–1161. (6th Cir.1980). Based on the policy of the Sixth Circuit in favor of deciding cases on their merits, the Court finds that defendant's actions cannot be found to be culpable within the meaning of the *United Coin* inquiry.

However, as recognized in *Matter of Levy, supra,* the Court must also recognize the right of the plaintiff to have defendant comply with applicable Bankruptcy Rules. If the defendant had timely filed an answer, counsel for the plaintiff would not have had to prepare a motion and entry for default, expenses incurred in attempting to enforce the judgment, and the time and expense of legal action necessary in responding to defendant's motion to set aside that judgment. Therefore, this Court is following the guidance of the Bankruptcy Court for the Southern District of Ohio, Western Division, in taking appropriate action against the defendant in the form of sanctions.

Accordingly, counsel for the plaintiff shall, within fourteen (14) days from the date of this order, file with the Court a motion requesting award of the expenses related to preparation of the default motion and entry, as well as the expenses related to the plaintiff's response to defendant's motion to set aside the default judgment. Counsel for the defendant shall have seven (7) days after the filing of plaintiff's motion for expenses to file any response to said motion.

Further, the answer to plaintiff's complaint, attached to defendant's motion shall be deemed filed as of the date this order is entered. The plaintiff shall be granted

fourteen (14) days from the date of this order in which to file any amended complaint or reply to defendant's answer.

IT IS SO ORDERED.