**SHEPARD CLAIMS SERVICE, INC.,**
Plaintiff-Appellee,

v.

**WILLIAM DARRAH & ASSOCIATES,**
a foreign corporation,
Defendant-Appellant.

No. 85–1674.

United States Court of Appeals,
Sixth Circuit.

Argued April 22, 1986.
Decided July 18, 1986.

Mark Shreve, Rosaland H. Rochkind argued, Garan, Lucow, Miller, Seward, Cooper & Becker, P.C., Detroit, Mich., for defendant-appellant.

George A. Hilborn, P.C., argued, Birmingham, Mich., for plaintiff-appellee.

Before LIVELY, Chief Judge; WELLFORD and NELSON, Circuit Judges.

LIVELY, Chief Judge.

A panel of this court entered an order granting an interlocutory appeal from the district court's denial of a motion to set aside an entry of default. Having considered the briefs and oral argument of counsel together with the record on appeal, the court concludes that it must vacate the district court order and remand for further proceedings.

## I.

A fairly full statement of facts is required. On August 21, 1984 Shepard Claims Services, Inc. (Shepard) filed this contract action in the district court against William Darrah & Associates (Darrah), with jurisdiction based on diversity of citizenship. The complaint alleged essentially that Darrah, a South Carolina-based insurance broker, failed to pay Shepard, a Michigan independent claims adjuster, for services rendered. Following some difficulty in service by mail, service in person was carried out on February 7, 1985.

On February 22, 1985 defendant Darrah's attorney's secretary secured by telephone an extension of time for filing an answer. A confirmation letter from defense counsel, drafted and signed by the secretary with the vacationing counsel's permission, stated:

This letter will confirm my secretary's conversation with your secretary of February 22, 1985, to the effect that you have granted my office *45 days from February 22, 1985*, to answer the Complaint in the above captioned cause of action against my client, Will Darrah.

(Emphasis added). By April 10 defendant had filed no answer, so plaintiff Shepard requested that the clerk enter Darrah's default. On April 19 Darrah filed a "Notice of Retention," following on April 26 with an answer and then on April 29 with a notice of affirmative defenses, a counterclaim, interrogatories and a request for production of documents. On May 1 defendant filed a response to plaintiff's motion for default judgment (which had not been filed as of that time) and a motion to set aside entry of default pursuant to Rule 55(c), Fed.R.Civ.P. On May 8 plaintiff filed its motion for default judgment and re-

sponse to defendant's motion to set aside entry of default. Along with the motion to set aside entry of default defendant filed two affidavits, from defense counsel and his secretary, in which they stated their understanding of the extension to run 45 days in addition to the normal period of 30 days under Rule 4(e), Fed.R.Civ.P., rather than from February 22. Under this interpretation the answer would have been due on April 23. The confirming letter, according to the secretary, "contained a misstatement" of what she believed was the arrangement and what she informed her employer. Defense counsel did not review the confirming letter upon his return and apparently did not examine the file until the day he filed his "appearance." Defense counsel insists that he did not learn of the April 10 entry of default until April 29, by letter from opposing counsel.

The district court held a hearing on pending motions on May 28, after which the court denied defendant's motion to set aside entry of default. In its order the district court found that defendant's attorney engaged in culpable conduct when he permitted his secretary to make arrangements for the extension and then failed to review the secretary's letter upon returning from vacation.

The district court denied the defendant's motion for reconsideration and certified the case for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) upon finding that "a substantial basis exists for a difference of opinion on the question of setting aside the default in this matter, and that an immediate appeal may materially advance the termination of this litigation."

## II.

### A.

In *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 (1983), this court considered a set of circumstances quite similar to those recorded in the present case. After the parties were unable to go forward with a scheduled hearing on the defendant's motion to dismiss, opposing counsel agreed to a 20-day period for the defendant to file an answer. Plaintiff's counsel construed the agreement as running from April 28, while defendant's counsel believed the time ran from May 5. When no answer was filed by April 28, plaintiff's counsel caused a default to be entered by the clerk. The only matter in dispute was the date from which the 20-day period was to run.

Following a hearing the district court found no "excusable neglect" on the part of the defendant. The court also concluded that the affidavits of the defendant failed to establish the existence of a meritorious defense. The district court refused to set aside the default and entered a default judgment for the full amount sought in the complaint. A hearing was held on the defendant's motion for reconsideration. The district court denied reconsideration, finding that there was no "good cause" for setting aside entry of default or the default judgment.

This court reversed the district court in *United Coin*, finding that the criteria controlling the court's decision on a Rule 55(c) motion had not been satisfied. In agreement with other courts, we concluded that three factors determine the outcome of such a motion:

1. Whether the plaintiff will be prejudiced;

2. Whether the defendant has a meritorious defense; and

3. Whether culpable conduct of the defendant led to the default.

705 F.2d at 845. See *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984); *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir.1982); *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C.Cir.1980); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984) (per curiam); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981) (per curiam). See also 6 Moore's Federal Practice ¶ 55.10[2] at 55–59 (1985 ed.) In *United Coin* the plaintiff did not claim prejudice and this court found that the defendant had established a meritorious defense, one "good at law" without

reference to the likelihood of success. The decisive issue was whether the default resulted from the defendant's "culpable conduct." In determining that the third requirement had not been met, we repeatedly stated that the defendant's conduct had not been "willful." *Id.*

### B.

The present case differs from *United Coin* in at least one material respect. In *United Coin,* a default judgment was entered, whereas this interlocutory appeal was taken before entry of judgment. If the only issue relates to entry of default, Rule 55(c), Fed.R.Civ.P.,[1] provides the standard—"good cause shown." After entry of a default judgment, the court may set the judgment aside "in accordance with Rule 60(b),"[2] which lists several grounds for relief from judgment. Despite this difference the district court and the parties in the present case recognized *United Coin* as the controlling decision. However, the district court found the *United Coin* opinion "ambiguous as to the precise definition of culpable conduct." On appeal Darrah argues that *United Coin* is not ambiguous, that it clearly adopted the "willful conduct" definition by citing with approval cases from other circuits that equated culpable conduct with willfulness. The sole reference to negligence in the *United Coin* opinion is contained in a discussion of the standards applicable to a Rule 60(b) motion, under which "excusable neglect" is a ground for relief. Darrah asserts that nothing in the opinion indicates that the "good cause" standard of Rule 55(c) is satisfied by a showing of counsel's negligence.

Shepard contends that the district court correctly found that counsel for the defendant was the "designer" of the agreement for additional time to plead, and that his failure to comply with the agreed limitations was "culpable negligence." Shepard argues that the failure of Darrah and its counsel to abide by the time limits they "designed" could properly be found willful, and therefore culpable, conduct.

### III.

Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. However, a strong preference for trials on the merits in federal courts has led to the adoption of a somewhat modified standard of review where defaults are involved. In *United Coin* we wrote:

> Trials on the merits are favored in federal courts and a "glaring abuse" of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default.

705 F.2d at 846 (citing *Keegel,* 627 F.2d at 373–74). The Fifth Circuit came to a similar conclusion in *Williams v. New Orleans Public Service, Inc.,* 728 F.2d 730, 733–34 (1984):

> We recognize ... that such a standard does not vest the trial court with completely unfettered discretion.... [W]hen the grant of a default judgment precludes consideration of the merits of a case, "even a slight abuse [of discretion] may justify reversal."

Since entry of default is just the first procedural step on the road to obtaining a default judgment, the same policy of favoring trials on the merits applies whether considering a motion under Rule 55(c) or Rule 60(b). In practice a somewhat more lenient standard is applied to Rule 55(c) motions where there has only been an entry of default than to Rule 60(b) motions where judgment has been entered. As the court stated in *Chrysler Credit Corp. v.*

---

1. Rule 55(c), Fed.R.Civ.P., provides:

   (c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

2. Rule 60(b) provides in part:

   (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....

*Macino,* 710 F.2d 363, 368 (7th Cir.1983), "Although the elements for relief under Rule 55(c) and Rule 60(b) are substantially the same, the standards are applied more stringently when considering a motion to vacate a default judgment under Rule 60(b)." The distinction between the two standards was discussed in *Jackson v. Beech,* 636 F.2d 831, 835 (D.C.Cir.1980):

> Before considering whether the district court properly refused to set aside the default judgment in the case at bar, we note that there is a distinction between the appropriate standard for setting aside a *default* and that appropriate for setting aside a *default judgment. See, e.g.,* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2694 (1973). Once a defendant fails to file a responsive answer, he is in *default,* and an entry of *default* may be made by either the clerk or the judge. A *default judgment* can be entered by a clerk only if a claim is liquidated or, if a claim is unliquidated, by the judge after a hearing on damages. A *default* can be set aside under rule 55(c) for "good cause shown," but a default that has become final as a *judgment* can be set aside only under the stricter rule 60(b) standards for setting aside final, appealable orders.

(Footnote omitted).

## IV.

In a different setting the district judge's orders in the present case might not constitute an abuse of discretion. However, we must consider the fact that the plaintiff suffered no prejudice by reason of the tardy pleadings and the defendant did present a meritorious defense in its answer. These findings of the district court are clearly supported by the record. All three factors must be considered in ruling on a motion to set aside entry of default. However, when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.

The conduct of Darrah's counsel, Mark Shreve, was careless and inexcusable. Nevertheless, it is not necessary that conduct be excusable to qualify for relief under the "good cause" standard of Rule 55(c). We agree with the statement of the district court in *Broglie v. Mackay-Smith,* 75 F.R.D. 739, 742 (W.D.Va.1977):

> When the issue is one of whether to set aside an entry of default so that the "good cause" standard of Rule 55(c) is applicable, it is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable.

The district court stated that defense counsel's conduct, "if not intentional, is certainly 'culpable conduct'." In making this finding the district court apparently relied on the negligence of the defendant's lawyer in not reviewing the work of his secretary.

To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings. As in *United Coin,* the delay in the present case resulted from a dispute over the date from which an agreed extension was to run. Darrah's attorney filed an entry of appearance and an answer shortly after learning that default had been entered on the basis of Shepard's interpretation of the agreement. The delay was not lengthy and there was no pattern of disregard for court orders or rules. Under these circumstances the strong policy in favor of deciding cases on their merits outweighs any inconvenience to the court or Shepard resulting from the relatively short delay in answering. We agree with the summary of court holdings in 6 Moore's Federal Practice ¶ 55.01[2] at 55–61, 62 (1985 ed.):

> Where the defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined towards leniency.... Clearly, however, the court may refuse

to set aside a default, where the defaulting party has no meritorious defense, where the default is due to willfulness or bad faith, or where the defendant offers no excuse at all for the default.

(Footnotes omitted).

We do not believe it appropriate to attempt a precise definition of "culpable conduct." Where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings.

A default judgment deprives the client of his day in court, and should not be used as a vehicle for disciplining attorneys. *Jackson v. Beech,* 636 F.2d at 837. Although Shepard has made unverified claims that Darrah encouraged its attorney's conduct, there is no basis in the record for finding that the present case involved a deliberate attempt by Darrah to delay the proceedings. Although a party who chooses an attorney takes the risk of suffering from the attorney's incompetence, we do not believe that this record exhibits circumstances in which a client should suffer the ultimate sanction of losing his case without any consideration of the merits because of his attorney's neglect and inattention.

We can understand and sympathize with the reaction of the district court to Shreve's conduct and his explanations or excuses. The "Notice of Retention" indicated that someone in Shreve's office recognized that the time for pleading might be near, or past. Yet another week went by before Shreve filed his answer. The secretary's affidavit ascribed the misunderstanding to a "misstatement" in the letter that the affiant herself wrote. The misunderstanding could have been cured if Shreve had examined the correspondence upon his return from vacation and contacted Shepard's attorney for confirmation. Despite this evidence of inattention and disarray in defense counsel's office, the fact remains that Shepard suffered no prejudice and Darrah would be deprived of an opportunity to present its defense at a trial if the default were not set aside.

Our disposition of the case does not preclude the district court from assessing or determining some appropriate penalty or sanction against the defendant or his counsel for the delay occasioned by the careless and inexcusable conduct of defendant's counsel herein discussed.

The judgment of the district court is reversed, and the cause is remanded for further proceedings. No costs are allowed.