892 F.2d 79
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sharise JOHNSON and Marlene Johnson, Plaintiffs-Appellees,
v.
CITY OF DETROIT, a Municipal Corporation; Detroit Police
Department; Police Officer Richard A. Cross;
Police Officer Leroy Stafford; and
Sergeant Martin Joseph; Defendants,
Police Officer Sandra Caver, Defendant-Appellant.
 No. 89-1284.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and ALBERT J. ENGEL,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Police officer Sandra Caver appeals the January 30, 1989 denial of her motion to stay judgment and to set aside a default judgment entered against her by the United States District Court for the Eastern District of Michigan, Southern Division. On July 12, 1988, Judge Friedman entered an Order of Entry of Default against Caver for failure to comply with the court's discovery orders requiring the defendants to attend depositions. The subsequent default judgment, entered on September 12, 1988, granted plaintiff Sharise Johnson ("Sharise") $12,000 in compensatory damages and $15,000 in punitive damages. Marlene Marzetta Johnson ("Marlene"), Sharise's sister, was awarded $4,500 in compensatory damages and $4,500 in punitive damages. Judge Friedman subsequently awarded the Johnsons attorney fees, costs and interest.
 
 
 2
 The default judgment, based upon the Johnsons' complaint, alleges assault and battery, deprivation of civil rights under 42 U.S.C. § 1983, false arrest and imprisonment, abuse of process, and malicious prosecution. The complaint initially was filed in state court, but the defendants successfully removed the action to the district court on June 6, 1986. The Johnsons' Motion for Entry of Default Judgment against Caver included a request to dismiss the remaining defendants without prejudice, which was granted. Therefore, defendants City of Detroit, Detroit Police Department, Officer Richard Cross, Officer Leroy Stafford and Sergeant Martin Joseph are not involved in this appeal.
 
 
 3
 The complaint arose from the circumstances of the Johnsons' arrest in Detroit City. On July 31, 1985, Sharise was driving, with her sister as a passenger, in the area of West McNichols and Inverness Roads. Officer Richard Cross pulled over Sharise for allegedly exceeding the speed limit. Although the facts are highly disputed, a struggle ensued after Officer Cross asked Sharise to step out of the car. Officer Caver's brief states that Officer Cross advised Sharise that she was to be placed under arrest for failure to produce her driver's license, registration and insurance certificate. During the ensuing struggle, Officer Cross was joined by Officer Caver, Officer Stafford, and Sergeant Joseph.
 
 
 4
 The complaint alleges, inter alia, that Officer Cross "grabbed plaintiff Sharise Johnson's left shoulder, placing his hands upon plaintiff and ripping open her blouse, assaulting and battering plaintiff, and causing plaintiff to sustain ... serious injuries." Officer Cross also allegedly "grabbed Marlene Marzetta Johnson, placed his hands upon her, and shoved her face into the hood of the car, assaulting and battering plaintiff." The complaint further alleges that the individual defendants breached their duty to "prevent, aid in preventing and/or attempt to prevent the commission of such wrongful acts." Aside from the allegations against the other officers, the Johnsons testified at a hearing before Judge Friedman on August 2, 1988, that Officer Caver subjected the Johnsons to abuse, ridicule, and obscenities.
 
 
 5
 According to Officer Caver's brief, Sharise was cited for "No Operators Permit, No Proof of Insurance and Speeding." Marlene was charged with "Interference with a City Employee in the Performance of his Duty." Sharise apparently was found guilty of her offenses while Marlene was not.
 
 
 6
 On appeal, Caver argues that the district court abused its discretion in denying her motion to set aside the entry of default judgment because (1) the Johnsons did not claim that they suffered prejudice in prosecuting their claim because of Caver's delay, (2) Caver claimed meritorious defenses, such as governmental immunity for the state tort claims, qualified immunity for the federal claims, and failure to state a claim; and because of (3) the absence of a finding that Caver willfully failed to appear.
 
 
 7
 The grounds for setting aside a default judgment are provided by Fed.R.Civ.P. 60(b), which states in part:
 
 
 8
 (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 9
 This circuit has recognized a distinction between the appropriate standard for setting aside a default and the standard for setting aside a default judgment. Generally, as our court observed in INVST Financial Group v. Chem-Nuclear Systems, "[a] default can be set aside under Rule 55(c) for "good cause shown," but a default that has become final as a judgment can be set aside only under the stricter rule 60(b) standards for setting aside final, appealable orders." 815 F.2d 391, 398 (6th Cir.1987), quoting Jackson v. Beech, 636 F.2d 831, 835 (D.C.Cir.1980). Since Caver is appealing the denial of her motion to set aside a default judgment, the stricter standard is applicable here.
 
 
 10
 Our circuit also has made clear that a district court must consider three elements in determining motions to set aside under either rule: (a) whether the plaintiff will be prejudiced; (b) whether the defendant had a meritorious defense; and (c) whether culpable conduct of the defendant led to the default. INVST, 815 F.2d at 398 (Rule 60(b)); Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 192 (6th Cir.1986) (Rule 55(c)); United Coin Meter Co. v. Seaboard Coastal Line R.R., 705 F.2d 839, 845, (6th Cir.1983) (Rule 60(b)).
 
 
 11
 Our court has declined to assign a particular weight to any of these elements when we have reviewed an appeal under Rule 60(b). A reading of the above cases indicates that the element of culpability, though not precisely defined, is especially important where the noncompliance has been willful and repeated. The record of the August 2, 1988 proceedings on the Johnsons' motion for default judgment and the January 27, 1989 proceedings on Caver's motion for relief demonstrates that the district court concluded that the failure to comply was intentional, repeated, and without good cause. Where a record shows that the conduct was not merely negligent or an isolated matter of oversight, we are unwilling to say that this factor alone might not justify the entry of default judgment.
 
 
 12
 On appeal, Caver claims that the fault lies solely or principally with her counsel below, and that she was largely unaware of what was being done or not being done on her behalf. While Caver was, of course, responsible for conduct in the case and for the selection of counsel to represent her, we cannot say that the presence or absence of any knowledge or personal culpability on the part of an individual party has no role in the district court's decision to grant or deny the relief sought.
 
 
 13
 Despite the trial court's discussion of culpability, it is evident from our case law that the trial judge is required to undertake a more complete examination of all of the circumstances which necessarily go into this exercise of discretion. While the district judge stated that he did not believe a default created "any unjust result in this particular matter, as alleged by the Defendant", he has provided no record on the element of prejudice. Further, Caver asserts that she raised several defenses, which were not addressed by the district court.
 
 
 14
 We recognize that we impose a somewhat frustrating burden upon a trial judge in asking for a more complete explanation of the basis for his exercise of discretion. At the same time, our obligation of review requires not merely an examination of the record, but a knowledge that the trial judge has, in exercising the discretion invested in him, touched base with the three elements which are properly required to be considered.
 
 
 15
 Accordingly, while we do not mean to suggest that further consideration should necessarily lead to a different outcome, we VACATE the judgment of the district court and REMAND for further proceedings and further consideration of the three elements set forth above and discussed more fully in INVST, Shepard Claims and United Coin.
 
 
 
 *
 Honorable Albert J. Engel assumed senior status effective October 1, 1989