Harold MERCER, et al., Plaintiffs,

v.

JAFFE, SNIDER, RAITT and HEUER, P.C., et al., Defendants.

Robert N. SCHRIEMER, et al., Plaintiffs,

v.

Barton GREENBURG, et al., Defendants.

Nos. G88–380 CA1, G87–56 CA1.

United States District Court, W.D. Michigan, S.D.

Jan. 3, 1990.

 

Tolley, Fisher & Verwys, P.C. by Thomas F. Koernke, Todd R. Dickinson and James B. Doezema, and Norris & Associates, P.C. by Sharon H. Norris, Grand Rapids, Mich., for plaintiffs.

Morton H. Collins and Clayton F. Farrell, Collins Einhorn & Farrell, P.C., Southfield, Mich., for Jaffe Snider Raitt & Heuer, Peter Sugar and David Warner.

Frank J. Kelley, Atty. Gen. by Ronald W. Emery, Asst. Atty. Gen., Tort Defense Div., Lansing, Mich., for Frederick Hoffecker.

Frank J. Kelley, Atty. Gen. by George H. Weller, Asst. Atty. Gen., Executive Div., Lansing, Mich., for James Karpen.

William M. Saxton and Keefe A. Brooks, Detroit, Mich., for Yaffe & Co.

Cholette, Perkins & Buchanan by Bruce M. Bieneman, Grand Rapids, Mich., for Ronald M. Barron and Ronald M. Barron & Associates, P.C.

Richard A. Kay and Terrance R. Bacon, Grand Rapids, Mich., for Follmer, Rudzewicz & Co.

Steven L. Schwartz, Farmington Hills, Mich., for Cohen & Leff, P.C.

Annis, Annis & Visser, Comstock Park, Mich., for George J. Yusko.

Erwin A. Rubenstein and Arnold F. Farwell, Southfield, Mich., for Ernst & Co.

Gary L. Mitchell, Bloomfield Hills, Mich., pro se.

Andrew S. Conway, Miro Miro & Weiner, Bloomfield Hills, Mich., for George Hamilton.

Thomas F. Blackwell, Jr. and T.J. Ackert, Smith Haughey Rice & Roegge, Grand Rapids, Mich., for Lloyd Bridges.

OPINION ON PENDING MOTIONS

HILLMAN, Chief Judge.

These consolidated actions arise from the so-called Diamond Mortgage Corporation/A.J. Obie and Associates (Diamond/Obie) mortgage-backed securities

fraud. The general background of this litigation is set forth in *Mercer v. Jaffe, Snider, Raitt and Heuer, P.C.*, 713 F.Supp. 1019 (W.D.Mich.1989) and *Stone v. Mehlberg*, 728 F.Supp. 1341, (W.D.Mich.1989).

Briefly, plaintiffs are nearly one thousand investors who bought now worthless mortgage-backed securities from Diamond/Obie. Defendants include Diamond/Obie's principal, a celebrity paid to endorse Diamond/Obie investments, three of Diamond/Obie's lawyers and their law firms, a state securities regulator, a state assistant attorney general, and the State of Michigan. Plaintiffs seek to impose liability upon defendants for plaintiffs' lost investments under a variety of statutory and common law theories. The federal question statute, 28 U.S.C. § 1331, and principles of pendent jurisdiction provide the court's jurisdiction.

The matter is before the court on six motions filed by various defendants. The court experienced some momentary difficulty in sorting out the motions due to defendants' general failure to follow the captioning instructions contained in the June 28, 1989 case management order. Further difficulty stemmed from the fact that several motions address the third amended complaints filed in both the *Mercer* and *Schriemer* cases, but those pleadings have been superseded by plaintiffs' timely filing of fourth amended complaints. To make matters worse, the fourth amended complaint in *Mercer* is actually only the third complaint submitted.

Despite these problems, the court has determined which motions pertain to which parties, pleadings, and cases. Although it is easy to see why confusion results given the nature and history of these actions, the court urges all counsel to pay attention to the details so that progress will continue without impediment. The court will first discuss the motions submitted in *Mercer*, and then turn to those pending in *Schriemer*.

## I. *Mercer*

*A. Karpen and Hoffecker.* At all relevant times, defendant James Karpen was the Director of the Michigan Corporations and Securities Bureau. Defendant Frederick Hoffecker was the Assistant Attorney General in charge of the Michigan Attorney General's Consumer Protection Division. Karpen and Hoffecker remain in this case under Count II of plaintiffs' fourth amended complaint. Count II charges all defendants with aiding and abetting Diamond/Obie's violations of section 10(b) of the Securities Exchange Act of 1934 (the 1934 Act), 15 U.S.C. § 78j(b), and the Securities and Exchange Commission's Rule 10b–5, 17 C.F.R. § 240.10b–5, promulgated thereunder. *See generally Mercer*, 713 F.Supp. at 1033.

Karpen and Hoffecker have filed two motions. The first motion seeks to strike portions of the third amended complaint. Plaintiffs have removed the offending language from the fourth amended complaint, however, so the court will dismiss the motion to strike as moot.

In their second motion, Karpen and Hoffecker ask the court to dismiss plaintiffs' complaint under Fed.R.Civ.P. 12(b)(6) on the basis of a recent Michigan Court of Appeals decision, *Thomas v. State Mortgage, Inc.*, 176 Mich.App. 157, 439 N.W.2d 299 (1989) (per curiam). In *Thomas*, the Michigan Court of Appeals held that under the prevailing facts an A.J. Obie investor assigned a promissory note and mortgage executed by a borrower in favor of a Diamond Mortgage Corp. affiliate that in fact provided the borrower no funds on a purported home loan mortgage transaction could assert holder in due course status on the note in an action brought by the borrower to quiet title on the mortgaged property. 439 N.W.2d at 300–03. After making this determination, the *Thomas* court remanded the case to the trial court to decide, among other things, whether the investor/assignee could foreclose on the mortgage. *Id.* 439 N.W.2d at 303. Plaintiffs inform the court that the borrower in *Thomas* has petitioned the Michigan Supreme Court for leave to appeal.

Karpen and Hoffecker assert that *Thomas* requires that plaintiffs in this case, in order to state a claim upon which relief may be granted, must plead that they

attempted to foreclose on any mortgages assigned to them as a result of their Diamond/Obie investments. In the absence of a foreclosure attempt, Karpen and Hoffecker contend, no plaintiff can prove section 10(b) and Rule 10b–5 damages.

The court finds Karpen's and Hoffecker's position unpersuasive. First of all, many plaintiffs in this action are in a different situation than the investor in *Thomas*. Some were never assigned notes or mortgages, or their notes or mortgages were double or triple assigned to other investors. Others undoubtedly cannot assert holder in due course status on assigned notes, as a consequence of obligor defenses under either state negotiable instruments law or the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq. See Stone*, 728 F.Supp. 1345–50.

Moreover, *Thomas* does not hold that any investor able to establish a borrower's liability on a negotiable note is *ipso facto* entitled to foreclose on the borrower's home. The note and the mortgage are separate instruments, *see Stone*, 728 F.Supp. at 1348, governed by separate bodies of law. Karpen and Hoffecker have cited no Michigan decision holding that an assigned mortgage is foreclosable under the circumstances that obtain in this case.

 Finally, the court agrees with plaintiffs that Karpen's and Hoffecker's reliance on *Thomas* in essence raises a mitigation issue. In other words, plaintiffs' damages were complete upon the loss of their investments. Potential foreclosure on any mortgage securing those investments only relates to recoupment of losses already suffered. As a general proposition, plaintiffs are not required to plead mitigation of damages, which is usually regarded as an affirmative defense. *See, e.g., TCP Industries, Inc. v. Uniroyal Inc.*, 661 F.2d 542, 550 (6th Cir.1981) (contract); *Hines v. Grand Trunk Western Railroad Co.*, 151 Mich.App. 585, 391 N.W.2d 750, 755 (1985) (per curiam) (tort). Traditional mitigation rules apply in section 10(b) and Rule 10b–5 cases, *Arrington v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 651 F.2d 615, 620 (9th Cir.1981), and therefore it is defendants who must plead and prove failure to mitigate.

In sum, Karpen and Hoffecker have not satisfied the court that *Thomas* makes plaintiffs' fourth amended complaint insufficient as a matter of law, or that plaintiffs can prove no set of facts entitling them to section 10(b) and Rule 10b–5 relief. *See Mercer*, 713 F.Supp. at 1023. Accordingly, the court will deny the motion to dismiss.

 *B. State of Michigan.* Plaintiffs added the State of Michigan as a party defendant to this action in Count II of the fourth amended complaint. They assert that Michigan is vicariously liable for Karpen's and Hoffecker's alleged aiding and abetting of Diamond/Obie's section 10(b) and Rule 10b–5 violations. Michigan has moved for dismissal under Fed.R.Civ.P. 12(b)(1), contending that the Eleventh Amendment to the United States Constitution bars the court from exercising subject matter jurisdiction.

Initially, the court notes that some doubt exists regarding the Sixth Circuit's recognition of traditional vicarious liability under the antifraud provisions of the federal securities laws. In *Securities and Exchange Commission v. Coffey*, 493 F.2d 1304, 1315–16 (6th Cir.1974), *cert. denied*, 420 U.S. 908, 95 S.Ct. 826, 42 L.Ed.2d 837 (1975), the court identified three exclusive categories of federal securities fraud secondary liability: aiding and abetting, conspiracy, and "controlling person" liability, applicable in that case under section 20 of the 1934 Act. *Accord, Herm v. Stafford*, 663 F.2d 669, 684 (6th Cir.1981). The exclusivity of this listing in *Coffey* suggests that the court did not accept the proposition that secondary liability could depend on common law notions of *respondeat superior*. *Securities and Exchange Commission v. Washington County Utility District*, 676 F.2d 218, 224 n. 11 (6th Cir. 1982).

In contrast to *Coffey*, at least one Sixth Circuit panel has explicitly acknowledged the availability of *respondeat superior* liability under section 10(b) and Rule 10b–5, albeit in an appeal involving the analogous section 12(2) of the Securities Act of 1933,

15 U.S.C. § 77*l* (2). *Holloway v. Howerdd,* 536 F.2d 690, 694–95 (6th Cir.1976). *See also Davis v. Avco Financial Services, Inc.,* 739 F.2d 1057, 1062 (6th Cir.1984), *cert. denied,* 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 381 (1985) (section 12(2)). Perhaps *Coffey* and *Holloway* can be reconciled, but the effort would entail some difficulty. In these circumstances, the court will not avoid the constitutional question raised by Michigan's motion to dismiss, because it appears that the Eleventh Amendment issue may be resolved more easily than the vicarious liability question.

Plaintiffs concede that the Eleventh Amendment ordinarily prohibits suit against a sovereign state in federal court, absent the state's consent. *Abick v. State of Michigan,* 803 F.2d 874, 876 (6th Cir. 1986). The motion to dismiss demonstrates that the State of Michigan does not consent to this suit. Plaintiffs contend, however, that Congress abrogated the states' Eleventh Amendment immunity to section 10(b) and Rule 10b–5 actions in 1975 when it amended the definition of a "person" liable under those sections of the 1934 Act to include "a ... government, or political subdivision, agency, or instrumentality of a government." 15 U.S.C. § 78c(a)(9). The court disagrees.

Eleventh Amendment sovereign immunity is a cornerstone of our federal system. The Supreme Court has stated repeatedly and emphatically that Congress, in legislating in accordance with its power under the Fourteenth Amendment or the Commerce Clause, may override the states' Eleventh Amendment immunity only by making its intention to do so "unmistakably clear." Moreover, Congressional intent to abrogate must be *textually* clear; the abrogation must be explicitly expressed in relevant statutory language. *Hoffman v. Connecticut Department of Income Maintenance,* —— U.S. ——, 109 S.Ct. 2818, 2822–24, 106 L.Ed.2d 76 (1989) (plurality opinion); *Dellmuth v. Muth,* —— U.S. ——, 109 S.Ct. 2397, 2400–02, 105 L.Ed.2d 181 (1989); *Pennsylvania v. Union Gas Co.,* —— U.S. ——, 109 S.Ct. 2273, 2277–86, 105 L.Ed.2d 1 (1989) (plurality opinion).

Applying these standards to the present case, the court finds no unmistakably clear intent to override the Eleventh Amendment in the 1975 amendment to the 1934 Act's definition of a "person." The amended language does not refer to "states," or to the Eleventh Amendment, or to abrogation. *Dellmuth,* 109 S.Ct. at 2402. When Congress means to abrogate the states' sovereign immunity, it knows how to do so. *Cf. Union Gas Co.,* 109 S.Ct. at 2277–80 (Comprehensive Environmental Response, Compensation, and Liabilty Act of 1980, 42 U.S.C. § 9601 *et seq.,* as amended by Superfund Amendments and Reauthorization Act of 1986, Pub.L. No. 99–499, 100 Stat. 1613, abrogates Eleventh Amendment by, among other things, explicitly including "states" in definition of liable "persons," and plainly including "states" as liable "owners or operators"). Congress did not do so here.

Consequently, this court joins Judge Leval and Chief Judge Rubin in holding that the 1975 amendment to the 1934 Act did not disturb the states' Eleventh Amendment immunity to private suit under section 10(b) and Rule 10b–5. *Finkielstain v. Seidel,* 692 F.Supp. 1497, 1503–06 (S.D.N.Y.), *aff'd in part and rev'd in part on other gds.,* 857 F.2d 893 (2d Cir.1988); *Charter Oak Federal Savings Bank v. State of Ohio,* 666 F.Supp. 1040, 1042–46 (S.D.Ohio), *remanded on other gds., disposition only noted at* 830 F.2d 193 (6th Cir.1987). The court will grant the motion to dismiss, and dismiss the State of Michigan with prejudice.

█ *C. Greenburg.* At all relevant times, defendant Barton Greenburg was the Chairman of the Board of Directors of Diamond Mortgage Corp. and the person in control of Diamond/Obie and affiliated companies. He currently resides with the Michigan Department of Corrections as a result of his 1987 criminal fraud conviction arising from his conduct of Diamond/Obie's affairs. Plaintiffs seek to establish Greenburg's liability in all eight counts of the fourth amended complaint.

Greenburg did not initially appear and defend either this action or the *Schriemer* action. He now moves the court to set

aside a default entered against him in the *Mercer* case on July 27, 1989. Although the *Schriemer* plaintiffs join the *Mercer* plaintiffs in opposition to the motion, no default has been applied for or entered in the former case. The court has not yet rendered default judgment in *Mercer*.

■ Under Fed.R.Civ.P. 55(c) the court may set aside an entry of default for good cause shown. The factors to consider in determining whether Greenburg has shown "good cause" for setting aside default are first, whether plaintiffs will be prejudiced if the default is set aside; second, whether Greenburg has a meritorious defense; and third, whether Greenburg's culpable conduct led to the default. *United States v. Real Property Located At: 1447 Plymouth, S.E., Grand Rapids, Michigan,* 702 F.Supp. 1356, 1360 (W.D.Mich.1988). These factors are applied more leniently to an entry of default than to a default judgment. *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 193–94 (6th Cir.1986).

Plaintiffs concede that they will not be prejudiced if the court sets aside the default. They also concede that the default may not have been caused by Greenburg's culpable conduct. Nevertheless, despite these concessions, the lenient standards applied in setting aside entries of default, and the federal judiciary's strong policy favoring trial on the merits, the court will not set aside the default at this time. Greenburg has entirely failed to present "even a hint of a suggestion" that he possesses a meritorious defense to plaintiffs' claims. *Real Property Located At: 1447 Plymouth, S.E.,* 702 F.Supp. at 1360 (quoting *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.,* 815 F.2d 391, 399 (6th Cir.), *cert. denied sub nom. Garratt v. INVST Financial Group, Inc.,* 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987)).

Instead, he merely asserts that he "will present a meritorious defense to the substance of this claim" at some unidentified future date. The court is not persuaded by Greenburg's argument that he cannot reveal his defense at this time, for fear of prejudicing his criminal case pending before the Michigan Supreme Court, as well as a grand jury investigation proceeding against him in the United States District Court for the Northern District of Illinois. Greenburg does not specify in any way how defending against plaintiffs' claims might adversely affect his rights in related criminal actions. Given the meaningless level of generality at which Greenburg seeks to set aside the default, the court lacks any basis for concluding that the outcome of this suit after a full trial will be contrary to the result achieved by the default. *INVST Financial Group,* 815 F.2d at 399 (quoting 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure,* § 2697 (1983)).

Accordingly, the court will deny Greenburg's motion to set aside the entry of default. Greenburg may renew the motion if and when he specifies a potentially meritorious defense to plaintiffs' claims. Greenburg's motion to stay plaintiffs' claims against him pending the final outcome of related criminal proceedings will likewise be denied. Greenburg may renew this latter motion if and when he is able to detail specific prejudice to his constitutional rights stemming from the active continuance of this action.

■ *D. Michigan Consumer Protection Act.* Count IV of the fourth amended complaint seeks judgment against Greenburg for violations of the Michigan Consumer Protection Act, M.C.L.A. § 445.901 *et seq.,* arising from alleged unfair practices in connection with Diamond/Obie's sale of mortgage-backed securities. This court has held twice, once in this action and once in *Schriemer,* that the Michigan Consumer Protection Act does not apply to the sale of securities. *Mercer,* 713 F.Supp. at 1029–30. The court on its own motion will therefore dismiss with prejudice the fourth amended complaint's Count IV.

## II. *Schriemer*

*A. Hamilton.* Defendant George Hamilton is an actor who endorsed Diamond/Obie securities in television and print advertisements. In Counts I–V, IX, and X of their fourth amended complaint, the

*Schriemer* plaintiffs seek judgment against Hamilton under a variety of fraud-related theories. Hamilton has filed a motion to strike the fourth amended complaint under Fed.R.Civ.P. 12(f), a motion for more definite statement under Rule 12(e), a renewed motion to dismiss under Rule 12(b)(6), and a renewed motion for summary judgment under Rule 56.

Since Hamilton filed his motions, he and plaintiffs have apparently settled their differences, although no formal settlement papers have as yet been drafted. In light of these subsequent developments, Hamilton's motions are now moot. The court will consequently dismiss the motions without prejudice.

*B. Barron Defendants.* Defendant Ronald M. Barron is a lawyer who represented Diamond/Obie through his law firm, defendant Ronald M. Barron & Associates, P.C. (the Barron defendants). Like all defendants in this action other than Greenburg and Hamilton, the Barron defendants are named in Counts I–III, V, and IX of the fourth amended complaint. The Barron defendants move for Rule 12(b)(6) dismissal of Count XI of the second amended complaint. Presumably, they meant to refer to the third amended complaint. In any event, they seek to dismiss plaintiffs' Michigan Consumer Protection Act claim against them. Count IV is the relevant count in the fourth amended complaint, but it does not mention the Barron defendants. Their motion is therefore moot, and will be dismissed.

*C. Michigan Consumer Protection Act.* Count IV of the fourth amended complaint does, however, charge Greenburg with violation of the Michigan Consumer Protection Act. Plaintiffs, like the *Mercer* plaintiffs, evidently failed to receive the court's message on this issue. The court on its own motion will dismiss Count IV with prejudice for the reasons previously cited.

### ORDER ON PENDING MOTIONS

In accordance with the opinion filed this date,

IT IS ORDERED that the motion to strike filed by defendants James Karpen and Frederick Hoffecker in the *Mercer* action, case number G88–380 CA1, the motion to dismiss filed by defendants Ronald M. Barron and Ronald M. Barron & Associates, P.C., in the *Schriemer* action, case number G87–56 CA1, and the motions to strike, for more definite statement, to dismiss, and for summary judgment filed by defendant George Hamilton in the *Schriemer* action, case number G87–56 CA1, are dismissed without prejudice as moot.

IT IS FURTHER ORDERED that the motion to dismiss filed by defendants James Karpen and Frederick Hoffecker in the *Mercer* action, case number G88–380 CA1, and the motion to set aside entry of default and stay proceedings filed by defendant Barton Greenburg in the *Mercer* action, case number G88–380 CA1, are denied.

IT IS FURTHER ORDERED that the motion to dismiss filed by defendant State of Michigan in the *Mercer* action, case number G88–380 CA1, is granted, and the State of Michigan is dismissed with prejudice.

IT IS FURTHER ORDERED that Count IV of the fourth amended complaint filed in the *Schriemer* action, case number G87–56 CA1, and Count IV of the fourth amended complaint filed in the *Mercer* action, case number G88–380 CA1, are dismissed with prejudice on the court's own motion.