927 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terrell B. WILSON, Plaintiff-Appellant,
v.
Robert BROWN, Jr.; Dan Bolden; Dale Foltz; Joe Weinberg;
Denny Straub; Danny Trudell; John W. Prelesnik, each
individually and in their capacities as employees of the
Michigan Department of Corrections, Defendants-Appellees.
 No. 90-1957.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1991.
 
 W.D. Mich., 89-00010, R.H. Bell, J.
 
 
 1
 W.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 4
 Terrell B. Wilson is a pro se Michigan prisoner who appeals a summary judgment and order of dismissal entered against him in a civil rights case. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 5
 Wilson alleged that he had been placed in segregation at the Reception and Guidance Center ("RGC") without due process of law and that various conditions at RGC violated his constitutional rights. On August 16, 1990, the district court awarded summary judgment to the defendants with regard to Wilson's due process claim and dismissed his remaining claims. It is from this judgment that Wilson now appeals. His brief on appeal contains a request for counsel.
 
 
 6
 A de novo review of the record shows that Wilson was incarcerated at the northside complex of the State Prison of Southern Michigan. However, he was temporarily placed in RGC for approximately two weeks in May of 1985. The defendants concede that Wilson was transferred because he had been vocal in protesting an inmate wage dispute at the northside complex, and Wilson now appears to argue that his transfer violated his first amendment right to free speech. However, this argument was not presented to the district court and it will not be considered by this court for the first time on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 7
 The defendants are entitled to summary judgment on Wilson's due process claim. Wilson does not have a constitutional right to be incarcerated at a particular facility, see Montayne v. Haymes, 427 U.S. 236, 242 (1976), or at a particular classification level, see Meachum v. Fano, 427 U.S. 215, 225 (1976). However, he may have had a protected liberty interest in not being placed in administrative segregation. Cf. Mich.Admin. r. 791.4405 (1977). Administrative segregation was the only non-punitive classification that carried due process protections in 1985.
 
 
 8
 The appellees submitted evidence which indicates that Wilson was not placed in administrative segregation. The burden then fell to Wilson to submit evidence showing that there was a genuine issue left for trial. Fed.R.Civ.P. 56(e). However, Wilson's proof only indicates that he was placed in close or maximum custody. It does not indicate that he was placed in administrative segregation.
 
 
 9
 Wilson also contends that he was entitled to due process protections because he was placed in a higher security classification at RGC. However, the Department of Correction's policy on which Wilson relies imposes no substantive limits on the discretion of prison officials to reclassify prisoners. Thus, Wilson did not have a protected liberty interest in retaining his security classification. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983).
 
 
 10
 Wilson also alleged that he was subjected to a variety of unconstitutional conditions during the short period of time (15 days) that he was incarcerated at RGC. Our de novo review of the pleadings shows that these claims were properly dismissed because none of them rises to the level of a constitutional violation. Although Wilson was clearly dissatisfied with the conditions at RGC, his complaint also indicates that his basic needs were met. See Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir.1987).
 
 
 11
 Wilson raises two other arguments on appeal that merit brief discussion. First, the district court did not abuse its discretion by declining to enter a default judgment against the defendants. See Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 193-95 (6th Cir.1986). Second, Wilson's claim that his retained counsel was "ineffective" does not state a sufficient ground for reversal in this civil case.
 
 
 12
 Accordingly, Wilson's request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation