89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jean MARTINEZ, Plaintiff-Appellant,
v.
LETICA CORPORATION, Defendant-Appellee.
 No. 95-2046.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: BROWN, KENNEDY, and WELLFORD, Circuit Judges.
 
 
 1
 Jean Martinez, a Michigan resident, appeals pro se the dismissal of her complaint filed under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Martinez filed this complaint against defendant, her former employer, alleging that she had requested information to which she was allegedly entitled under ERISA and COBRA from the defendant and had not received a satisfactory reply. The district court twice granted defendant's motions for a more definite statement, and Martinez filed two amendments to her complaint. However, the district court concluded that she had still failed to state a claim and dismissed the case pursuant to Fed.R.Civ.P. 12(b)(6). On appeal, Martinez asserts that her complaint did state a claim under ERISA and that the district court erred in setting aside an entry of default against the defendant.
 
 
 3
 Upon de novo review, we conclude that Martinez failed to give the defendant fair notice of her claim and the grounds upon which it rested. See Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994). Plaintiff submitted voluminous documentation to the district court which showed that she had received the information requested from the defendant. Moreover, the information received demonstrated that Martinez had no colorable claim for benefits and therefore no standing to enforce ERISA. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 116-18 (1989). Martinez's attempts to amend her complaint did not cure the defects of her original complaint but merely added claims which also were shown by her own documentation to be frivolous.
 
 
 4
 We also conclude that the district court did not abuse its discretion in setting aside the entry of default against the defendant for good cause shown. See Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 193 (6th Cir.1986). Defendant offered a credible explanation for any delay by stating that no complaint was attached to the summons originally received; Martinez was not prejudiced and no lengthy delay was involved. See id. at 194-95.
 
 
 5
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.