Joseph M. MARBLY, Plaintiff–
Appellant,

v.

DEPARTMENT OF THE TREASURY,
Defendant–Appellee.

No. 01–1071.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before BOGGS and DAUGHTREY, Circuit Judges; WEBER, District Judge .*

Joseph M. Marbly appeals a district court grant of summary judgment for defendant in this employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Marbly filed his complaint in the district court alleging that he suffered illegal discrimination in his position as an audit accounting aide with the Internal Revenue Service (IRS) because of his race (African–American) and sex. A clerk's entry of default was entered one day after the time for defendant to file its answer elapsed. Two days later, defendant filed its answer. Plaintiff then moved for a default judgment, and defendant moved the district court to set aside the entry of default. The district court granted defendant's motion and set aside the entry of default.

Thereafter, plaintiff filed a motion for summary judgment and defendant moved for a partial summary judgment. The district court conducted a hearing, and held the matter in abeyance. Defendant then moved for summary judgment, and the district court again conducted a hearing. The district court granted defendant's mo-tion and entered judgment accordingly. Plaintiff filed a timely notice of appeal. On appeal, plaintiff contends that the district court erred in: (1) setting aside the entry of default and denying his motion for a default judgment; and (2) granting defendant's motion for summary judgment.

■ First, we conclude that the district court properly set aside the clerk's entry of default. Generally, this court reviews for an abuse of discretion a district court's decision to set aside an entry of default. See Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir.1990). A district court may set aside a clerk's entry of default "(f)or good cause shown." Fed.R.Civ.P. 55(c); Berthelsen, 907 F.2d at 620; Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193 n. 1 (6th Cir.1986). The court should consider whether: (1) plaintiff will be prejudiced; (2) defendant has a meritorious defense; and (3) defendant's culpable conduct led to the default. Berthelsen, 907 F.2d at 620; Shepard Claims Serv., Inc., 796 F.2d at 192. Although these are the same factors considered by a court in deciding whether to set aside a default judgment, the factors should be applied more leniently to relieve a party from a procedural entry of default to reflect the strong preference for trial on the merits in federal courts. Shepard Claims Serv., Inc., 796 F.2d at 193–94. In fact, a district court abuses its discretion in denying a motion to set aside an entry of default when the first two factors favor setting aside the entry. Id. at 194.

Here, it appears that the district court properly permitted defendant to defend this action. First, plaintiff can show no prejudice from the grant of relief. Second, defendant established to the district

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

court's satisfaction that it had a meritorious defense to this action. Third, while defendant was in default, defendant filed its answer, then took prompt measures to rectify its failure to answer in time. Finally, as noted by the district court, Fed. R.App. P. 55(e) precludes a default judgment against an agency of the United States unless a claimant first establishes a right to relief. Under these circumstances of this case, the district court properly permitted defendant to defend this action.

■ Next, we conclude that the district court properly granted summary judgment for defendant. This court reviews de novo a district court grant of summary judgment. *Brooks v. American Broad. Cos.,* 932 F.2d 495, 500 (6th Cir.1991). The Supreme Court established a three-part framework for the allocation of proof in employment discrimination cases. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff has an initial burden of establishing a prima facie case of racial discrimination by showing that he: (1) is a member of a protected class; (2) was subjected to an adverse employment action; (3) was qualified for the position; and (4) was replaced by a person outside of the protected class. *Id.* at 802, 93 S.Ct. 1817. Under plaintiff's disparate treatment theory, a prima facie case includes a showing that a similarly-situated non-protected employee received better treatment for the same or similar conduct. *See Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582–83 (6th Cir.1992). Here, the district court correctly concluded that plaintiff cannot show that he was treated more harshly than a similarly-situated non-protected employee. Further, plaintiff cannot show any causal connection between protected conduct and his discipline and firing. Accordingly, the district court properly granted summary judgment for defendant.

For the foregoing reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.