**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0309n.06

Nos. 07-3396, 07-4330

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**May 20, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| **PAUL B. GOIST**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    **KENNEDY, COLE, Circuit Judges; JORDAN**, **District Judge.**[*]

**COLE, Circuit Judge.**  Paul B. Goist, a pro se federal prisoner, appeals a district court default entry and a subsequent default judgment in favor of the government.  We **AFFIRM**.

## I.  BACKGROUND

The government filed a civil action in the district court in 2005, alleging that Goist had filed bogus Uniform Commercial Code liens, false Internal Revenue Service reports, and false involuntary bankruptcy petitions against a United States district court judge, an Assistant United States Attorney, and a former Assistant United States Attorney in retaliation for their roles in his unarmed bank robbery conviction.  *See United States v. Goist*, 59 F. App'x 757 (6th Cir. 2003).  The government sought declaratory and injunctive relief, and the imposition of a civil penalty pursuant to the False

---

[*] The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Claims Act.  Goist did not file any pleading styled as an answer or other responsive pleading, but filed a number of vexatious pro se documents.

The government filed a motion for default judgment.  The district court thereafter struck five other pro se filings as "impertinent and immaterial"; found that Goist had "failed to plead or otherwise defend [the] action"; and  "precluded [Goist] from challenging the Motion for Default." (Dist. Ct. Docket No. 21.)  On February 28, 2007, the district court clerk entered default against Goist, and Goist appealed.  Goist also prematurely moved to vacate default judgment on April 3, 2007; the district court denied the motion on October 2, 2007.  Also on October 2, 2007, the district court entered a default judgment against Goist.  It declared Goist's bogus liens and other filings null and void, enjoined Goist from further filings without prior court permission, and imposed a $5,500 civil penalty and reasonable attorney's fees and costs of the action.  Goist again appealed.

## II.  ANALYSIS

We construe Goist's appeals as appeals of the district court's implicit failure to set aside its default entry and default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b). *See Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 595 (6th Cir. 2006) ("Frontier may not appeal the *entry* of default but it may appeal the failure by the district court to *set aside* the default entry according to Rule 55(c)."); *id.* ("An appeal from a default judgment is actually an appeal of the denial of a Rule 60(b) motion. . . .").  Goist also argues that the district court violated Federal Rules of Civil Procedure 52(a)(1) and 58.

We review a district court's decision on Rule 55(c) and Rule 60(b) motions for abuse of discretion. *Id.* at 596.  Here, the district court did not abuse its discretion.

First, the district court properly declined to set aside the clerk's entry of default. A district court may set aside a clerk's entry of default for "good cause." Fed. R. Civ. P. 55(c); *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 n.1 (6th Cir. 1986). The court should consider whether: (1) plaintiff will be prejudiced; (2) defendant has a meritorious defense; and (3) defendant's culpable conduct led to the default. *Berthelsen*, 907 F.2d at 620; *Shepard Claims Serv., Inc.*, 796 F.2d at 192. Although these are the same factors considered by a court in deciding whether to set aside a subsequent default judgment, the factors should be applied more leniently to relieve a party from a procedural entry of default, reflecting the strong preference for trial on the merits. *Shepard Claims Serv., Inc.*, 796 F.2d at 193-94.

Here, these factors do not favor setting aside the default entry. The government would have been prejudiced by a set aside of the default because it would have been subject to additional frivolous filings. Also, to the extent that Goist's vexatious district court filings could be deemed responsive to the government's complaint, Goist failed to assert any meritorious defense to the government's claim that he filed bogus documents in retaliation for his criminal prosecution. *Cf. Jones v. Caruso*, 569 F.3d 258, 270 (6th Cir. 2009) ("The abusive practice of prisoners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented." (quotation marks and citation omitted)). Similar filings have uniformly been declared null and void and also have resulted in federal criminal convictions. *See Monroe v. Beard*, 536 F.3d 198, 202 n.2, 208 n.11 (3d Cir. 2008), *cert. denied*, 129 S. Ct. 1647

(2009). Furthermore, Goist's pro se filings were overwhelmingly unresponsive to the government's claims, and culpable because they exhibited "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *See Shepard Claims Serv., Inc.*, 796 F.2d at 194.

Second, the district court properly granted default judgment for the government for the same reasons. *See Frontier*, 454 F.3d at 595 ("[A] stricter standard of review applies for setting aside a default once it has ripened into a judgment.") (quotation marks and citation omitted).

Finally, contrary to Goist's contention on appeal, the district court need not make specific findings of fact or conclusions of law on the merits of the government's complaint after an entry of default. Fed. R. Civ. P. 52(a)(3). Goist also incorrectly asserts that the district court did not comply with the Rule 58(a) requirement that judgments be set out in separate documents. The district court's October 2, 2007 opinion and order and judgment were, in fact, set out in separate documents.

## III. CONCLUSION

For these reasons, the district court's judgment is **AFFIRMED**.